---

[No. 8,910. Department One.—August 4, 1884.]
## JAMES FLEMING, RESPONDENT, *v.* W. N. HAWLEY, APPELLANT.

REPLEVIN—INSUFFICIENT DEFENSES.—Action of replevin. It was alleged in the answer that in a certain action which the defendant at one time brought against the plaintiff to recover the same property in controversy, judgment of nonsuit was entered against the defendant in the present action, and it was further alleged that the plaintiff, at a time anterior to the commencement of this action, instituted a suit against one Wells to recover the same property, and obtained a judgment on the pleadings for its recovery with damages and costs. These allegations were, on motion, stricken out. *Held*, that the matters so alleged did not constitute a defense, and were properly stricken out.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Lloyd & Wood*, and *Atwell & Bradley*, for Appellant.

*Edwards & Du Brutz*, for Respondent.

Ross, J.—Action of claim and delivery to recover the possession of sixty-four flasks of quicksilver alleged by the plaintiff to be his property, and to be unlawfully withheld from him by the defendant. The answer put in issue the material averments of the complaint, and by way of "further and separate defense" set up certain matters which were, on motion of plaintiff, stricken out in the court below. That action on the part of the court constitutes the first ground of complaint here. Upon looking into the answer it is plain to be seen that the affirmative matters set up do not constitute any defense to plaintiff's action. By the first alleged "separate defense" the defendant, in effect, says that in a certain action which he at one time brought against the present plaintiff to recover the same property, judgment of nonsuit was entered against him. It is perfectly clear that the defendant in this action could derive no benefit by reason of the judgment against him in that.

In the second alleged "separate defense" defendant, in effect, set up that the present plaintiff, at a time anterior to the commencement of this action, commenced one against one Wells to recover the property in controversy, and got judgment on the pleadings for its recovery, with damages and costs. But all that has nothing to do with the present case, in which the questions are whether the plaintiff is the owner and entitled to the possession of the property in question, and whether *this defendant* wrongfully withholds its possession from him. All of the matters set up in the alleged separate defenses were sham and irrelevant, and were properly stricken out by the court below. Nor was there error on the part of the court in denying the defendant's motion to strike out all of the testimony of the witnesses Hawley and Fowler. This motion was based on the statement of defendant's counsel that the evidence showed that the agreement between Hawley and Fowler in respect to the property was consummated in a bill of sale. The record shows that Hawley distinctly testified that at the time the property was sold and delivered to him no bill of sale or memorandum in writing was made.

We must affirm the judgment and order.

Ordered accordingly.

McKEE, J., and McKINSTRY, J., concurred.